UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES FIDELITY <br> AND GUARANTY COMPANY, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    File No. 1:11-CV-168 <br> : |
| ROMAN CATHOLIC DIOCESE <br> OF BURLINGTON, VERMONT, INC., | : <br> : <br> : |
| Defendant. | : <br> : |

MEMORANDUM AND ORDER
(Docs. 23, 25)

Plaintiff United States Fidelity and Guaranty Company (Plaintiff) commenced this action against Defendant Roman Catholic Diocese of Burlington, Vermont, Inc. (Defendant or the "Diocese") seeking a declaration that it is not obligated to defend or indemnify the Diocese in connection with certain actions brought in Vermont state court alleging acts of sexual abuse for which the Diocese is liable. (Doc. 1.) The Diocese has filed a motion for protective order seeking relief from interrogatories propounded by Plaintiff, arguing the discovery sought exceeds the allowed limit. (Doc. 23.) Plaintiff opposes the motion (Doc. 24), and also moves to compel the Diocese to respond to its discovery requests. (Doc. 25.) For the reasons stated below, the Diocese's motion for protective order is granted in part and denied in part. Plaintiff's motion to compel is also granted in part and denied in part.

The scope of discovery is broad but limited to "any nonprivileged matter that is relevant to any party's claim or defense . . . [and] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[A] court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that: (i) the discovery sought is unreasonably

cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Id. 26(b)(2)(C). A district court may issue a protective order upon a showing of good cause. Fed. R. Civ. P. 26(c). The burden is on the party seeking the protective order to show good cause. In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir. 1987).

Defendant moves for a protective order excusing it from responding to Plaintiff's interrogatories which it argues exceed the federal limit of 25 in Federal Rule of Civil Procedure 33(a)(1). (Doc. 23.) Plaintiff served a total of 25 interrogatories, but -- in negotiation with the Diocese -- agreed to withdraw five. Accordingly, the Diocese need not respond to the withdrawn interrogatories (numbered 2, 4, 5, 17, and 23). The Diocese asserts the "discrete parts" of the remaining requests number 387.[1] (Doc. 31 at 7-8.) Plaintiff asserts the Diocese waived its objections to the interrogatories and requests for production because it did not serve objections within thirty days after service of the discovery requests. (Doc. 24 at 13-14.) Plaintiff further argues the interrogatory requests do not exceed the limit because each interrogatory seeks information on a single common theme. Id. at 6-12.

The Court was inclined to not "wade through" all the interrogatories and objections, but did so reluctantly. See Ritchie Risk-Linked Strategies Trading (Ireland), LTD. v. Coventry First LLC, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) (refusing "to wade through all of the individual subparts, striking some, compelling a response to others, and ruling on the final tally of precisely how many requests Defendants have posed and which ones Plaintiffs must answer," and ordering the parties to

---

[1]This number is down from the 1,565 the Diocese originally claimed in its Motion for Protective Order. (Doc. 23 at 14.) Further, the Diocese concedes interrogatories 10, 12, 13, 14, 16, 20, 22, and 24 are single interrogatories. (Doc. 31 at 7-8.)

2

meet and confer). The Court does not find the interrogatories are overbroad since Plaintiff has withdrawn several, except for interrogatory number 3, which at this point seeks information which the Court finds overburdensome in comparison to its likely benefit. Fed. R. Civ. P. 26(c)

The parties should act reasonably and in good faith to resolve any remaining objections to Plaintiff's requests for production of documents in light of the Court's resolution of the interrogatory dispute.

Accordingly, Defendant's motion for protective order (Doc. 23) is denied except as to interrogatory number 3. Plaintiff's motion to compel (Doc. 25) is granted except as to interrogatory numbers 2, 4, 5, 17, 23, and 3. Counsel for both parties are advised this Court expects counsel to cooperate in the orderly and timely discovery process without the need to waste either the Court's time or that of opposing counsel. The Court has recently granted the parties' joint motion to amend the scheduling order to extend time for discovery. (Doc. 37.) An Early Neutral Evaluation session is scheduled for February 21, 2012. The discovery deadline is July 16, 2012, and the case is to be ready for trial by September 17, 2012.

    SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 10th day of February, 2012.

                                                  /s/ J. Garvan Murtha  
                                                  Honorable J. Garvan Murtha  
                                                  United States District Judge